Affirmed and Memorandum Opinion filed April 30, 2009








Affirmed and Memorandum Opinion filed April 30, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00684-CR

____________

 

CHARLIE TATUM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1140380

 



 

M E M O R A N D U M   O P I N I O N

Appellant
Charlie Tatum challenges the effectiveness of his counsel in connection with
his guilty plea to a charge of aggravated robbery.  The trial court assessed
punishment as confinement for 30 years.  Appellant contends that (1) his guilty
plea was involuntary because he received ineffective assistance of counsel; and
(2) trial counsel provided ineffective assistance by (i) misleading appellant
into believing that he would receive community supervision from the judge, and
(ii) abandoning a motion to suppress appellant=s confession.  We affirm.








Background

Appellant
was indicted for aggravated robbery on February 1, 2008.  Trial counsel filed a
motion to suppress appellant=s confession and a motion to suppress statements allegedly
made in violation of Texas Code of Criminal Procedure article 38.22 on March
27, 2008.  The trial court did not sign an order regarding either of these
motions.

Appellant
entered a guilty plea to the offense of aggravated robbery on May 9, 2008.  No
reporter=s record was made of this hearing. 
The State made no recommendation for punishment at the hearing.  The trial
court issued written admonishments to appellant, which he signed and
initialed.  These admonishments specifically stated that appellant (1) could
receive a punishment of between five and 99 years or life; (2) was mentally
competent; (3) understood the admonishments of the court; (4) fully understood
the consequences of his guilty plea; (5) freely, knowingly, and voluntarily
executed the admonishments; and (6) received effective and competent
representation.  The trial court recessed the hearing so a pre-sentence
investigation report could be developed.  The trial court set a sentencing
hearing for July 8, 2008.

Trial
counsel also filed a motion for community supervision on May 9, 2008, stating
that appellant had no prior felony convictions in Texas or any other state and
had never received community supervision for a felony offense in Texas or any
other state.  Trial counsel did not indicate on this motion whether the judge
or a jury should make the determination regarding appellant=s community supervision request.  The
trial court did not sign an order regarding this motion.

The
State offered five witnesses at the July 8, 2008 sentencing hearing and did not
request any changes to the pre-sentence investigation report.  Trial counsel
offered only appellant as a witness so that appellant could make any
corrections he desired to the pre-sentence investigation report.








Appellant=s trial counsel requested a sentence
of 10-15 years for appellant in closing argument; the State requested a 40-year
sentence.  The judge accepted appellant=s guilty plea and sentenced him to
confinement for 30 years; the judge also announced at that time that the
judgment would Areflect an affirmative finding of a deadly weapon.@

The
trial court signed a judgment reflecting this oral pronouncement of sentence
and deadly weapon finding on July 8, 2008.  Appellant appeals from this
judgment.

Analysis

Appellant
contends that his guilty plea was involuntary because he received ineffective
assistance of counsel.  Appellant further contends that trial counsel provided
ineffective assistance by (1) misleading him into believing that he would
receive community supervision from the judge; and (2) abandoning the motion to
suppress appellant=s confession filed on March 27, 2008.    

I.        Voluntariness
of Plea Based on Claim of Ineffective Assistance of Trial Counsel








In his
first issue, appellant asserts that his guilty plea was involuntary because he
received ineffective assistance of counsel.  Specifically, appellant complains
that his trial counsel was ineffective because he (1) allegedly advised
appellant that only the trial court could give appellant community supervision
with a deadly weapon finding; (2) failed to elect that the jury assess
punishment; and (3) allegedly believed that a deadly weapon finding would not
preclude judge-ordered community supervision.  See Tex. Code Crim. Proc.
Ann. art. 42.12, __ 3g(a)(1)(F), 4 (Vernon 2006) (stating that judge-ordered community
supervision is not available to defendants adjudged guilty of aggravated
robbery).[1]  Appellant
asserts the following in support of his argument: (1) trial counsel filed a
motion for community supervision on May 9, 2008; (2) trial counsel did not note
any preference for punishment to be decided by the judge or a jury; (3) trial
counsel requested the judge to sentence appellant to confinement for 10-15
years during closing argument; and (4) the Texas Code of Criminal Procedure
would have allowed a jury to sentence appellant to community supervision even
though the judge could not.  See id. art. 42.12, __ 3g(a)(1)(F), 4.

When a
defendant challenges the voluntariness of a plea entered upon trial counsel=s advice, voluntariness depends,
among other things, on whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases.  Ex Parte Moody, 991
S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (citing Strickland v. Washington,
466 U.S. 668 (1984)).  In assessing appellant=s claims, we apply a strong presumption
that trial counsel was competent.  See id.; Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

When, as
in this case, there is no proper evidentiary record developed at a hearing on a
motion for new trial, it is extremely difficult to show that trial counsel=s performance was deficient.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective assistance
claim.  Stults v. State, 23 S.W.3d 198, 208-09 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews v.
State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On such a silent record,
this court can find ineffective assistance of counsel only if the challenged
conduct was A>so outrageous that no competent attorney would have
engaged in it.=@ Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001)).  No affidavit from trial counsel or motion for new trial was filed in
this case.








Appellant
asserts in his appellate brief that his trial counsel gave him erroneous advice
and held erroneous views of relevant law; however, there is no evidence in the
record supporting these allegations.  Indeed, there is no evidence at all
regarding the trial strategy of appellant=s counsel.  The record does not rebut
the presumption that trial counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  The record
does not reflect that trial counsel=s actions were Aso outrageous that no competent
attorney would have engaged in [them].@  See id.  Appellant has not
shown by a preponderance of the evidence that his trial counsel=s advice was not within the range of
competence demanded of attorneys in criminal cases.  See Mallett v. State,
65 S.W.3d 59, 63-65 (Tex. Crim. App. 2001); see also Hernandez v. State,
Nos. 14-03-01043-CR, 14-03-01044-CR, 2005 WL 81633, at *3-*4 (Tex. App.CHouston [14th Dist.] Jan. 6, 2005,
pet. ref=d).   

We
overrule appellant=s issue regarding the voluntariness of his guilty plea based
on asserted ineffective assistance of counsel.

II.       Other
Ineffective Assistance Claims

In his
second issue, appellant asserts that his trial counsel provided ineffective
assistance by misleading him into believing that he would receive community
supervision from the judge.  In his third issue, appellant asserts that his
trial counsel provided ineffective assistance by abandoning the motion to
suppress appellant=s confession filed on March 27, 2008.








With regard to both of these issues, appellant concedes in
his brief that he cannot prove the first prong of Strickland by showing
by a preponderance of the evidence that trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms.  Rivera-Reyes v. State, 252 S.W.3d 781, 788-89 (Tex.
App._Houston [14th
Dist.] 2008, no pet.).  The record contains no evidence that appellant=s trial counsel
misled appellant into believing that appellant would receive community
supervision from the judge.  There is no evidence in the record regarding the
trial strategy of appellant=s counsel.  The record does not rebut the
presumption that trial counsel=s actions and decisions were reasonably
professional and were motivated by sound trial strategy.  The record does not
reflect that trial counsel=s actions were Aso outrageous that
no competent attorney would have engaged in [them].@  See Goodspeed,
187 S.W.3d at 392.  Appellant has not shown by a preponderance of the evidence
that trial counsel=s representation fell below an objective
standard of reasonableness on the record in this case.  See Rivera-Reyes,
252 S.W.3d at 788-90.

We
overrule appellant=s issues regarding ineffective assistance of counsel for (1)
allegedly misleading appellant into believing that he would receive community
supervision from the judge; and (2) abandoning the motion to suppress appellant=s confession.

Conclusion

The
trial court=s judgment is affirmed.

/s/      William J. Boyce

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]           Appellant asserts that the trial judge was
barred from sentencing him to community supervision because of the affirmative
finding that a deadly weapon was used during commission of the robbery; this is
not entirely accurate.  While an affirmative finding of use of a deadly weapon
during commission of a felony offense bars a judge from imposing regular community
supervision, it does not bar a judge from imposing deferred adjudication
community supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12, __ 3g(a)(2), (b), 5(a) (Vernon 2006).  Regular community
supervision is unavailable to all defendants adjudged guilty of aggravated
robbery.  See id. art. 42.12, _ 3g(a)(1)(F).